## Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. William Davis.

1. EVIDENCE—*Admission of Immaterial Matters, When Error.*—Upon the trial of a suit the admission of matters in evidence, though immaterial and wholly foreign to the issue, but which affords the jury the means of avoiding the task of determining whether the plaintiff has sustained his grounds of action by a preponderance of the evidence, is reversible error.

2. TRIALS—*Improper Conduct of Counsel.*—On the trial of an action for personal injuries, it appeared that a fireman remained upon his engine, although he knew that "the boy's legs were cut off." Counsel for plaintiff said, "You would not have known any more about it if he had got his head cut off, would you?" The court sustained an objection to the remark, and counsel retorted, "It would only be a difference in the offense committed by him." *Held*, improper, but not of itself sufficiently so to demand a reversal of a judgment otherwise unobjectionable.

**Memorandum.**—Action for personal injuries. In the Circuit Court of Montgomery County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed November 30, 1894.

### STATEMENT OF THE CASE.

On the 1st day of May, 1893, appellant's servants in charge of its switch engine, were engaged in switching cars in its yards at Litchfield. The engine, attached by the coupling bar at its head or front end to a train of three or four cars, was running backward on the track in the yards, when Willie Davis, a boy of about twelve years of age, a son of the appellee, and Willie Goodpasture and Michael Furlong, also boys of about the same age, got on the foot-board at the rear end of the tender of the engine for the purpose of enjoying a ride. After riding there for a distance of about 400 feet the boys jumped off and Willie Davis was run upon by the wheels of the tender and engine and received such injury to his legs that it became necessary to amputate both of them.

The appellee, his father, claimed that John Hanlon, who was at the time acting as fireman on the engine, threw a lump of coal at the boys, which struck Michael Furlong, and so frightened them that they jumped from the foot-board. This was an action on the case brought by the appellee against the appellant company to recover for the loss of services of his son and for nursing and caring for him, and for expenses incurred while he was suffering from his injuries.

Judgment upon the verdict for the plaintiff below in sum of $1,000, and the railroad company prosecuted this appeal.

AMOS MILLER and GEO. F. McNULTY, attorneys for appellant.

ZINK & KINDER, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The boys were wrongfully on the foot-board and were trespassers.

To warrant a recovery it was incumbent on the appellee to establish by a preponderance of the evidence the charge in his declaration that the fireman threw a lump of coal at them and caused them to jump off. This was the charge and the only charge in each count of the declaration and it constituted the sole ground of his right of action.

Willie Davis and Michael Furlong testified that the fireman threw the coal, and James Hanlon, the fireman, and John Cook, the engineer at the time, testified as positively that he did not, and that no coal was thrown.    All had equal opportunity to know.    Goodpasture was not produced as a witness.    Each side of the controversy has some corroborating testimony.    It was, however, but slight, and so nearly equal in weight that it had only a counterbalancing effect.

Counsel for appellee in their brief say :    " We come now to the issue in the case, the fact to be determined, viz., was the coal thrown by the fireman ?    The testimony on this point is squarely contradictory.    It can not be reconciled." It was essential to a just and correct decision of a question so close and difficult of determination that no irrelevant consideration should lead the minds of the jury away from the principal fact in dispute, and induce them to consent to a general verdict, leaving undecided the fact upon which appellee's right to recover solely rested.    Nothing should have been admitted in evidence that was not relevant, pertinent and confined to this issue.

The court allowed the appellee, over the objection of the appellant company, to prove that the rules and regulations of the company provided that no one should be allowed to ride upon its engines without written permission from the superintendent or train master, and made it the duty of the engineer and fireman to stop an engine and put off any one who might come upon it without the requisite written permit.

This evidence did not tend to aid the jury to determine whether the fireman threw coal at the boys and thereby caused them to jump off, but was wholly foreign to that issue.

It, however, furnished the basis for an argument that the injury to the boys would not have occurred had the engineer or fireman stopped the engine and made the boys get off, as the rule required, and opened the way for a verdict against the company upon that theory.    It afforded

the jury the means of avoiding the difficult task of determining whether the plaintiff had sustained his ground of action by a preponderance of the evidence and made possible a verdict for the plaintiff, though it might have been impossible for the jurors to agree upon the one fact upon which such a verdict could alone rest.

The conflict of evidence was so great, and the right of plaintiff below to recover so uncertain, that we can not but regard the admission of this irrelevant testimony as a serious and just ground for complaint.

The appellant company insists that its cause was unduly prejudiced in another respect.

The fireman, when testifying, stated that he did not go with others to the assistance of the boy after the accident, but remained at his post on the engine, though he "knew that the boy's legs were cut off."

Counsel for appellee at this point said to the witness : "You wouldn't have known any more about it if he had got his head cut off, would you ?"

The court sustained an objection to the remark and counsel retorted, "It would only be a difference in the offense committed by him."

The court sustained an objection also to this. Though couched in the form of an interrogatory, the first remark above quoted was not intended to elicit information for the consideration of the jury; the last was not even in the guise of a question, and both appealed to the prejudices of the jury and were likely to arouse passion and prevent that calm and unbiased consideration of the evidence which was so indispensable to a fair and impartial disposition of the case. While we might not regard the conduct of counsel sufficient of itself to demand the reversal of a judgment otherwise unobjectionable, yet the case at bar, for the other reason indicated, and in other features, is so unsatisfactory that altogether we feel impelled to the conclusion that the verdict and judgment ought not to stand, but that the cause should be submitted to another jury for a rehearing.

The judgment is reversed and the cause remanded.